UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VALLEY BAKERS COOPERATIVE ASSOCIATION,

    Plaintiff,

v.                                                                              Case No. 16-C-1397

OSAGE FOOD PRODUCTS INC.,

    Defendant.

**DECISION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

    Plaintiff Valley Bakers Cooperative Association filed this breach of contract action against Defendant Osage Food Products Inc. on October 18, 2016. The court dismissed the complaint without prejudice on October 21, 2016 because Valley Bakers failed to properly plead and establish subject matter jurisdiction. On October 28, 2016, Valley Bakers filed an amended complaint. The case is presently before the court on Osage's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction. Osage asserts that Valley Bakers has not established that the parties are completely diverse and that its damages exceed the jurisdictional minimum. For the following reasons, Osage's motion will be granted.

**BACKGROUND**

    According to the amended complaint, Valley Bakers is a wholesale baking cooperative authorized to do business in the State of Wisconsin. (Am. Compl. ¶ 1, ECF No. 4.) On January 28, 2016, Valley Bakers and Osage entered into a contract for the sale of pecans. (*Id.* ¶ 6.) Pursuant to the terms of the contract, Osage agreed to supply 75,000 pounds of pecans of varying sizes. (*Id.*

¶¶ 7–8.) Valley Bakers alleges that since August 29, 2016, Osage has refused to supply the pecans at the contracted prices. (*Id.* ¶ 14.) As a result, Valley Bakers had to purchase the remaining quantity of pecans from other suppliers at higher prices. (*Id.* ¶ 15.) Valley Bakers filed this suit seeking specific performance and monetary damages.

**DISCUSSION**

In reviewing the plaintiff's complaint in regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997). A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this court over the subject matter related in the complaint. The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988). If material factual allegations are contested, the proponent of federal jurisdiction must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sedowski*, 441 F.3d 536, 543 (7th Cir. 2006). When the moving party "launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks and citations omitted).

Valley Bakers' amended complaint asserts that the case is being brought pursuant to 28 U.S.C. § 1332, which confers diversity jurisdiction on federal courts. For a suit to be based on diversity jurisdiction, there must be complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1992).

"Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party." *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) (citation omitted); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). When the parties do not meet the requirements to establish diversity jurisdiction, subject matter jurisdiction does not exist. *Home Fed. Sav. Bank v. Ticor Title Ins. Co.*, 695 F.3d 725, 729 (7th Cir. 2012). As such, the district court lacks the authority to adjudicate the matter and must dismiss the case. *See Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).

Valley Bakers alleges that it is a wholesale baking cooperative, which is an unincorporated entity. An unincorporated entity's citizenship "depends on the citizenship of 'all [its] members.'" *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (quoting *Carden*, 494 U.S. at 195–96). The citizenship of an unincorporated entity must be "traced through however many layers of partners or members there may be." *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002). Stated differently, when an unincorporated entity is comprised of other entities that have multiple citizenships, the district court must know "each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Est. Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016).

Valley Bakers asserts that the parties are diverse because Osage is incorporated in Missouri and has its principal place of business there, and "none of the members of Valley Bakers are citizens of the State of Missouri." (Am. Compl. ¶ 1.) Although the allegations in the amended complaint regarding the parties' citizenships appear facially sufficient, there are external facts that call the

3

court's jurisdiction into question. In response to Osage's motion to dismiss, Valley Bakers submitted a list of its 489 members and their citizenship. (ECF No. 11-7.) This list reveals that some of Valley Bakers' members are themselves unincorporated entities. Nevertheless, Valley Bakers has not verified that the unincorporated entities' members are not citizens of Missouri. As such, Valley Bakers has failed to establish that the parties are completely diverse in response to the defendant's challenge, and its amended complaint must be dismissed for lack of subject matter jurisdiction.

Even if Valley Bakers demonstrated complete diversity of citizenship, its amended complaint would be dismissed because the amount in controversy does not exceed $75,000. Generally, a court will accept the plaintiff's uncontested "good faith allegation of the amount in controversy unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (internal citations omitted). Where, as here, the defendant contests the plaintiff's "allegation of the amount in controversy, the plaintiff must support its assertion with competent proof." *Id.* To satisfy this burden, the plaintiff must do more than "point to the theoretical availability of certain categories of damages." *Am. Bankers Life Assur. of Fla. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003).

Here, Valley Bakers has not met its burden. This action is a suit for specific performance and a claim for damages. Valley Bakers alleges that Osage only supplied 28,830 of the 75,000 pounds of pecans it was required to provide under the contract and has refused to supply the remaining pecans at the contracted purchase price. It asserts it is entitled to specific performance and that Osage must supply the remaining 46,170 pounds of pecans under the contract. Valley Bakers contends that it has satisfied the jurisdictional minimum because the cost of the outstanding pecans

4

totals $266,862.60. However, it offered no evidence tending to show that this is the type of case that warrants specific performance. *See* U.C.C. § 2-716(1) ("Specific performance may be decreed where the goods are unique or in other proper circumstances."). The fact that Valley Bakers was able to purchase such a large quantity of pecans elsewhere demonstrates that the goods in this case are not unique. By only pointing to the theoretical availability of a certain category of damages, Valley Bakers failed to provide competent proof to justify its allegation of the amount of controversy.

Moreover, Valley Bakers introduced evidence demonstrating that the real amount of its damages is much lower than the alleged amount in controversy. In its amended complaint, Valley Bakers asserts that it purchased the outstanding amount of pecans it needed from other suppliers at higher unit prices. (Am. Compl. ¶ 15.) As a result, it paid a total of $24,831.57 more than it would have under the contract with Osage. (ECF No. 11-3.) "In the standard case of a seller's breach of a contract for the sale of goods where the buyer covers by purchasing the same product in the market, damages are readily calculable by subtracting the contract price from the market price and multiplying by the quantity specified in the contract." *Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 277 (7th Cir. 1992); *see also* U.C.C. § 2-713. Applying this standard, the court concludes that Valley Bakers' alleged damages are significantly less than the jurisdictional minimum. Its amended complaint must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Osage's motion to dismiss (ECF No. 8) is **GRANTED**. The action is dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly.

5

Case 1:16-cv-01397-WCG   Filed 03/27/17   Page 5 of 6   Document 13

**SO ORDERED** this  27th  day of March, 2017.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court